ACCEPTED
13-14-00680-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/26/2015 3:52:03 PM
CECILE FOY GSANGER
CLERK

#13-14-00680-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/26/2015 3:52:03 PM
CECILE FOY GSANGER
Clerk

Thirteenth Court of Appeals, Corpus Christi & Edinburg

# THE STATE OF TEXAS,
Appellant

v.

# ISRAEL RAMIREZ
Appellee

## ON STATE'S APPEAL FROM THE 94TH DISTRICT COURT OF NUECES COUNTY, CAUSE NO. 13-CR-2209-C

# **APPELLEE'S BRIEF**

Todd A. Robinson
SBN: 24007931
102 N. Staples
Corpus Christi, Texas 78401
Tel: (361) 883-2200
Fax: (361) 883-4538
*Attorney for Israel Ramirez*

ORAL ARGUMENT NOT REQUESTED

1

# Table of Contents

Table of Contents.............................................................................2

Table of Authorities.........................................................................3

Statement of the Issue Presented for Review................…………….……4

Did Officer Garcia conduct an unlawful search when he opened a container attached to Israel Ramirez's keychain?

Course of Proceedings....................................................................4

Statement of Facts .........................................................................4

Summary of the argument................................................................6

Officer Garcia did not have a warrant and there was not an exception to the warrant requirement. The evidence was properly suppressed because it was found in an unlawful search.

Argument.....................................................................................6

Probable cause, alone is not an exception to the warrant requirement. .................. 8

Israel Ramirez did not consent to Officer Garcia's search....................................... 9

Prayer ......................................................................................11

Certificate of Compliance ..............................................................12

Certificate of Service ...................................................................12

# Table of Authorities

## Cases

*Dixon v. State* 206 S.W.3d 613 (Tex. Crim.App. 2006) ................................ 9

*Katz v. United States* 390 U.S. 347, 360 (1967). ............................................ 7

*McGee v. State*, 105 S.W.3d 609, 615 (Tex.Crim.App.2003) ....................... 7

*Miller v. State*, 393 S.W.3d 255 262 (Tex.Crim.App.2012) ......................... 7

*Mincey v. Arizona* 437 U.S. 385, 390(1978) ................................................. 7

*State v. Ibarra*, 953 S.W.2d 242 (Tex. Crim.App. 1997) ............................ 10

*State v. Rhonda Rombs*, 2015 WL 3634579 (Tex.App.— Corpus Christi 2015). ............................................................................................................. 11

*U.S. v. Mendoza-Gonzalez*, 318 F.3d 663, 667 (5th Cir.2003). .................. 10

## Statutes

Tex. Code Crim. Proc. Ann. art. 38.23 ........................................... 7

## Statement of the Issue Presented for Review

Did Officer Garcia conduct an unlawful search when he opened a container attached to Israel Ramirez's keychain?

## Course of Proceedings

On June 30, 2013 Israel Ramirez was arrested for Possession of a Controlled Substance. On January 17, 2014 a Grand Jury indicted Mr. Ramirez for state jail possession of less than one gram of heroin. Defense counsel for Mr. Ramirez filed a motion to suppress on June 11, 2014. The 94th District Court heard the motion to suppress on September 24, 2014. On November 3, 2014 the motion to suppress was granted by the court.

## Statement of Facts

On June 30, 2013, Robstown Police officers Ernest Mendoza and John Garcia were dispatched to a verbal disturbance. *Finding of Fact #5.* When the officers arrived there were three to four people in the roadway arguing. *Finding of Fact #6.* Lori Ramirez, one of the individuals arguing in the roadway told Officer Mendoza that Israel Ramirez, the Defendant was in possession of heroin. *Finding of Fact #10.* Officer Mendoza had no knowledge to the truthfulness or veracity of that statement. *Finding of Fact #13.* Officer Mendoza did not know Lori Ramirez, did not know her full name or criminal history, and only spoke with her for five to

4

eight seconds prior to this incident. *Finding of Fact #11 and #12*. Officers then contacted Mr. Ramirez but did not have any evidence that he committed a crime. *Finding of Fact #6*. Officer Garcia asked Mr. Ramirez if he had any weapons and Mr. Ramirez replied that he did have a pocket knife. *Finding of Fact #22*. Officer Garcia then handcuffed Mr. Ramirez and asked if he could grab the knife and the contents of his pocket. *Finding of Fact #23*. Mr. Ramirez replied "okay" or "yes" to the officer's request. *Finding of Fact #24*. Officer Garcia gave testimony explaining that the reason he requested and obtained consent to grab the contents of Mr. Ramirez's pocket was to "take the weapon for our safety." *RR 26*. Officer Garcia reached into Mr. Ramirez's pocket, took the knife out, and removed a keychain that had a capsule shaped container attached to it. *Find of Fact #25*. The knife in Israel Ramirez's pocket was not an illegal knife and Israel Ramirez was not under arrest at this time. *Finding of Fact #27 and #28*. Officer Garcia testified that he had experience with similar containers where he found narcotics, but the court did not believe this part of Officer Garcia's testimony. *Finding of Fact #30-31*.

At this point Israel Ramirez is not under arrest. *Finding of Fact #35*. Mr. Ramirez did not provide consent to search the container. *Finding of Fact #34 and #36*. Officer Garcia did not have a search warrant to search the container. *Finding of Fact #37*. However, Officer Garcia then opened the container with the sole

purpose of looking for narcotics. *Finding of Fact #32.* After opening the container Officer Garcia found a substance known to him to be black tar heroin. *Finding of Fact #33.*

## Summary of the argument

The trial court properly suppressed evidence that was found during a warrantless search of a container. With only a few specific exceptions, a warrantless search is per se unreasonable. Those well-defined exceptions include search incident to lawful arrest, the automobile exception, the plain view exception, the *Terry v. Ohio* stop and frisk exception, hot pursuit, exigent circumstances, and consent. In the case at hand the officer did not have a warrant and there was not an exception to the warrant requirement. The evidence was properly suppressed because it was found in an unlawful search.

## Argument

On review, findings of fact made by the trial court are given almost complete deference, and mixed questions of law and fact are generally upheld if supported by the record. *Miller v. State*, 393 S.W.3d 255 262 (Tex.Crim.App.2012). When determining if a search violated the Fourth Amendment the guiding principle is reasonableness. *Katz v. United States* 390 U.S. 347, 360 (1967). A warrantless search is presumed unlawful and the

prosecution must rebut that presumption. *Mincey v. Arizona* 437 U.S. 385, 390(1978). The prosecution has the burden to show that the warrantless search falls within one of the specific exceptions to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex.Crim.App.2003). The only exceptions to the warrant requirement are: search incident to lawful arrest, the automobile exception, the plain view exception, the *Terry v. Ohio* stop and frisk exception, hot pursuit, exigent circumstances, and consent. *Id.*

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. Tex. Code Crim. Proc. Ann. art. 38.23(a)

When Officer Garcia opened the capsule container on Israel Ramirez's keychain he conducted an unlawful search. The trial court found that there was not a warrant, there was no consent to open the container, and concluded that the evidence should be suppressed. There are no other exceptions to the warrant requirement in the trial court's finding of fact nor

does the record reflect any evidence of an exception. These findings of fact should be given total deference on review.

***Probable cause, alone is not an exception to the warrant requirement.***

The State's argument that probable cause existed prior to the search is irrelevant. Whether or not probable cause existed does not create an exception to the warrant requirement. Although probable cause is used to obtain a warrant, no warrant was ever obtained or even attempted to be obtained in this case. Probable cause is also used in the automobile exception to the warrant requirement, but this case does not involve an automobile. The State's argument even if successful does not overcome the warrant requirement because none of the specific exceptions were met.

The auto exception to the warrant requirement does not apply to this case because the search was not conducted on an automobile. In *Dixon v. State*, on which the Appellant relies, the Court of Criminal Appeals found that the court can look to the totality of the circumstances to determine if probable cause existed. *Dixon v. State* 206 S.W.3d 613 (Tex. Crim.App. 2006). In *Dixon*, there was a confidential informant that described the defendant within a specific area, identified him by name and appearance, and described the car with license plate number. *Id.* Police officers then located the defendant in his car and detained him. *Id.* Through the auto exception to the warrant requirement, the officers found

probable cause and conducted a lawful search of the automobile without a warrant. *Id.*

The search of Israel Ramirez has important distinctions from the *Dixon* case. Most importantly that the search of Israel Ramirez was not in an automobile and had nothing to with an automobile, therefore the automobile exception does not apply. The confidential informant in *Dixon* had several articulable facts that were corroborated by the police officers unlike the brief five to eight second conversation Officer Mendoza had with the informant in this case. *Find of Fact #11.*

### Israel Ramirez did not consent to Officer Garcia's search.

Although consent is an exception to the warrant requirement, it did not provide an exception in this case. When obtaining consent from an individual to search his or her person or property, there must be clear and convincing evidence that consent was given. *State v. Ibarra*, 953 S.W.2d 242 (Tex. Crim.App. 1997). Additionally the scope of the consent can be limited and is determined by the factual circumstances surrounding the consent. *State v. Rhonda Rombs*, 2015 WL 3634579 (Tex.App.— Corpus Christi 2015), citing *U.S. v. Mendoza-Gonzalez*, 318 F.3d 663, 667 (5th Cir.2003). In this case, Officer Garcia asked Mr. Ramirez for consent to empty the contents from his pocket for officer safety. *RR 24.* Officer Garcia repeatedly testified that the purpose of any search and retrieval of the knife

was for safety reasons. *RR 24-27*. Officer Garcia never used the word search when obtaining permission from Mr. Ramirez and only asked him if he could empty the contents of his pocket in order to secure the knife. *RR 24-27*. The trial court found that any consent to empty Mr. Ramirez's pocket was limited and made two specific findings of fact that Mr. Ramirez at no time ever consented to Officer Garcia searching the container that was attached to the keychain. *Finding of Fact #34 and #36*.

This is unlike the issue in *State v. Rhonda Rombs*. In *Rombs*, the defendant gave an officer general consent to search her purse. *State v. Rhonda Rombs*, 2015 WL 3634579 (Tex.App.— Corpus Christi 2015). With general consent, an officer may search all readily opened containers. *Id.* Unlike Rombs, Israel Ramirez did not give general consent, and instead only gave Officer Garcia permission to remove the contents of his pocket so that a knife could be secured. *RR 24*. A reasonable person would not believe that would include consent to search a container attached to keychain so small that Officer Garcia testified that it was not a weapon and did not contain a weapon. *RR 27-28*.

In conclusion, the trial court properly suppressed evidence found in an unlawful search. In making this determination it was first found that there was a search but there was not a warrant. After it was concluded that there was not a warrant then we look to the exceptions to the warrant requirement. The State did

not raise that any of the exceptions existed in this case. Upon reviewing the record and the trial court's finding of fact it is apparent that an exception to the warrant requirement did not exist when Officer Garcia opened and searched the container attached to Israel Ramirez's keychain. Officer Garcia conducted an unlawful search when he searched, without a warrant, and without an exception to the warrant requirement and that evidence was properly suppressed.

## Prayer

For the reasons stated above, the Appellee requests the Court affirm the trial court's order granting Defendant, Israel Ramirez's motion to suppress and grant the Appellee all other proper relief.

Respectfully Submitted,

Todd A. Robinson
SBN: 24007931
102 N. Staples
Corpus Christi, Texas 78401
Tel: (361) 883-2200
Fax: (361) 883-4538
Email: trob4225@aol.com
*Attorney for Appellee*

11

## Certificate of Compliance

This document has 2,072 words according to the computer program used to prepare this document.

## Certificate of Service

On June 26, 2015, a true copy of the foregoing was served via hand delivery on the following:

Cliff Gordon, Asst. Dist. Atty.
Nueces County Courthouse
901 Leopard St., Room 206
Corpus Christi, Texas 78401

Mark Skurka, District Attorney
Elizabeth Schmidt, Asst. Dist. Atty.
Nueces County Courthouse
901 Leopard St., Room 206
Corpus Christi, Texas 78401

_____
Todd A. Robinson